Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
Adam E. Polk (SBN 273000)
Angelica M. Ornelas (SBN 285929)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
*dgirard@girardsharp.com*
*jelias@girardsharp.com*
*apolk@girardsharp.com*
*aornelas@girardsharp.com*

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| YOUXIANG EILEEN WANG and DALTON CHEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST and PREMIER FINANCIAL ALLIANCE, INC.,<br><br>Defendants. | Case No. 4:19-cv-01150-YGR<br><br>**PLAINTIFFS' OBJECTIONS TO SUPPLEMENTAL REPLY EVIDENCE**<br><br>Date: August 20, 2019<br>Time: 2:00 p.m.<br>Place: Courtroom 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

Pursuant to Local Rule 7-3(d)(1), Plaintiffs Youxiang Eileen Wang and Dalton Chen object to the Declaration of Xue Jun Yuan, submitted by Defendant Premier Financial Alliance, Inc. ("PFA") as evidence in support of its motion to compel arbitration.

## I. BACKGROUND

On May 28, PFA moved to compel arbitration based solely on the declaration of its office manager, who offered no testimony about the actual circumstances under which Plaintiffs purportedly entered into arbitration agreements. (*See* Dkt. No 55.) On June 25 Plaintiffs submitted declarations in opposition to PFA's motion, detailing the circumstances of their PFA registration. (*See* Dkt. No. 64.) Mr. Chen testified that his "upline," PFA agent Connie Huang, signed him up using her cell phone. (*See* Dkt. No. 64-4 ¶¶ 5-8.) On July 1 the Court granted permission for PFA to conduct limited-scope depositions of Mr. Chen on July 2 and Ms. Wang on July 9, and for a supplemental round of briefing (*see* Dkt No. 70.) On July 19, PFA submitted its reply, raising a variety of new arguments and attaching as evidence only excerpts from Plaintiffs' depositions. (*See* Dkt. No. 72.) Plaintiffs submitted a supplemental opposition with no new evidence on July 26. (*See* Dkt. No. 74.)

On August 2, PFA submitted a supplemental reply. (*See* Dkt. No. 76.) PFA included a declaration from Connie Huang's "upline," PFA Regional Field Director Xue Jun Yuan. (*See id*.) Yuan declares she saw Mr. Chen sign up for PFA on his own device and that she made a copy of his driver's license at the time. (*See* Dkt. No. 76-1 ¶¶ 5-6.) Ms. Yuan offers no supporting details, including explaining what role, if any, Connie Huang played in the sign-up process. PFA does not attempt to explain why it failed to procure Ms. Yuan's declaration earlier, why it failed to examine Mr. Chen at his deposition about Ms. Yuan's supposed role in the sign-up process, why PFA has failed to date to produce the electronic evidence readily available to it from its own electronic systems identifying the device used to register Mr. Chen for PFA, or answer any of the other equally obvious questions raised by the late-breaking Yuan declaration.

## II. OBJECTION

Plaintiffs object to PFA's improper submission of new evidence in support of its motion to compel arbitration in the fifth and final round of an already extended briefing process. *See* Civil L.R. 7-3(d)(1)

1

(providing for objection to new evidence submitted on reply); *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171–72 (9th Cir. 2018) ("[Local Rule 7-3(d) recognize[s] the potential inequities that might flow from the injection of new matter at the last round of briefing.").

Plaintiffs first notified PFA on May 6 that PFA recruiters—and not the Plaintiffs themselves—had completed Plaintiffs' registrations. (*See* Dkt. No. 53 at 11:21-23.) Based on its own records, PFA could easily have identified, interviewed and obtained declarations from Ms. Huang, Ms. Yuan, and anyone else involved in recruiting Mr. Chen. (*See, e.g.*, Dkt. No. 55-1 Ex. A at 1 (screenshot of PFA registration site showing that first piece of information collected is the ID number of recruiting agent).) PFA did not include such evidence in its May 22 motion to compel arbitration or in its July 19 reply. PFA has also provided no explanation for the suspicious timing of its submission of Ms. Yuan's declaration nearly three months and three rounds of briefing after Plaintiffs disclosed the basis of challenge to the purported contract formations. The declaration should accordingly be stricken. *See, e.g.*, *In re Schott*, No. ADV 11-05030, 2011 WL 3862026, at *13 (Bankr. W.D. Tex. Aug. 30, 2011) (striking surreply evidence because the offering party did "not explain why the new evidence in his surreply could not have been introduced in his response" brief on summary judgment); *Beard v. Town of Monroe*, No. 3:13CV1714 (JBA), 2015 WL 8023632, at *8 n.8 (D. Conn. Dec. 4, 2015), aff'd, 666 F. App'x 62 (2d Cir. 2016) (holding that a party "cannot adduce new evidence in his Sur-Reply" where the party could have done so earlier; "he did not do so, and it is too late to do so now.").

Plaintiffs further object to the new declaration because it does not constitute the best evidence PFA could and should have offered had contract formation occurred—namely, electronic records connecting the agreement signed via the internet to the IP address of Mr. Chen's device. *Rui Chen v. Premier Fin. All., Inc.*, No. 18-CV-3771 YGR, 2019 WL 280944, at *1 n.2 (N.D. Cal. Jan. 22, 2019) (this Court found "well taken" an objection that PFA defendants' "failure to offer better evidence within their control" than an employee declaration "should result in an adverse inference."). The only PFA agent mentioned in Mr. Chen's declaration is Ms. Huang, and Mr. Chen spends five paragraphs discussing her actions. (*See* Dkt. No. 64-4 ¶¶ 3, 5-8.) Yet PFA has failed to produce a declaration from Ms. Huang denying Mr. Chen's testimony about her.

PFA has also failed to produce any evidence to corroborate Ms. Yuan's cursory declaration. For example, PFA could have produced records connecting the IP address collected in connection with Mr. Chen's registration to the IP address of his cell phone (as collected at subsequent log-ons to the PFA website by Mr. Chen), or records demonstrating that the IP address collected in connection with Mr. Chen's registration does not match the IP address of Ms. Huang's phone and so rebuts his testimony that Ms. Huang completed Mr. Chen's registration on her phone. And assuming Ms. Yuan's testimony that she "copied" Mr. Chen's driver's license (Dkt. No. 76-1 ¶ 6) refers to a scan or a photograph, PFA also could have produced metadata associated with the scan or photograph; such information would show whether the scan or photocopy was actually obtained on the same day that Ms. Chen purchased his PFA membership, rather than on a subsequent date—for example, as part of the paperwork he submitted in connection with his authorization to sell insurance on behalf of PFA.

Rather than affidavit testimony procured by lawyers, "[i]n providing supporting evidence . . . parties have an obligation to produce actual key documents as proof." *Knox v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 2:12-CV-223, 2013 WL 3338311, at *5 (N.D. Ind. June 28, 2013) (citing *Dye v. United States*, 360 F.3d 744, 750 (7th Cir. 2004) (holding testimony inadmissible because the offering party was unable to produce key documents)). The best evidence rule has long required that "no evidence shall be received, which presupposes greater evidence behind, in the party's possession or power. The withholding of that better evidence, raises a presumption, that, if produced, it might not operate in his favour." *Tayloe v. Riggs*, 26 U.S. 591, 596 (1828); *see, e.g., New York ex rel. Spitzer v. St. Francis Hosp.*, 94 F. Supp. 2d 423, 428 (S.D.N.Y. 2000) (disregarding, on summary judgment, a witness declaration attesting to correspondence "because the letters themselves are the best evidence of their contents."); *Sissom v. Purdue Univ.*, No. 4:04CV72, 2006 WL 897572, at *5 (N.D. Ind. Mar. 31, 2006) (refusing to admit transcripts because "the recordings themselves are the best evidence."), *aff'd*, 207 F. App'x 715 (7th Cir. 2006).

PFA has not provided a sufficient basis for the unavailability of the electronic records that would link Mr. Chen's device to the web agreement he supposedly signed. As a result, the Court should disregard PFA's belatedly secondary evidence. *See, e.g., Knox v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 2:12-CV-223-JD, 2014 WL 3899372, at *1 (N.D. Ind. Aug. 11, 2014) (court noted that it previously

3
PLAINTIFFS' OBJECTIONS TO SUPPLEMENTAL REPLY EVIDENCE
Case No. 4:19-cv-01150-YGR

denied a motion for summary judgment filed by a defendant sued under FCRA because "it failed to provide the best evidence establishing the existence of the debt collected which provided a permissible purpose for requesting [the plaintiff's] consumer reports," with that evidence being "the original documentation of the account, its ownership, and [the defendant's] authority to collect on it") (internal quotation marks and docket citations omitted); *Bridgeport Music, Inc. v. Chrysalis Songs*, No. 3:01-0701, 2002 WL 33949859, at *1 (M.D. Tenn. Sept. 12, 2002) (court would "not condone the plaintiffs' practice of piecemeal litigation, where the plaintiffs offer no valid reason for their failure to offer their best evidence in support of their motion for partial summary judgment" when a magistrate judge considered it); *E.E.O.C. v. Gold River Operating Corp.*, No. 2:04-CV-01349-LRL, 2007 WL 983853, at *6 (D. Nev. Mar. 30, 2007) (excluding charts from evidence "as defendants failed to provide all of the records upon which the charts were based and failed to otherwise explain their absence.").

The Court should also infer from PFA's submission of Ms. Yuan's dubious eleventh-hour declaration and its failure to submit readily available corroborating evidence that PFA has no principled answer to Plaintiffs' evidence that they never saw PFA's purported arbitration agreement. *See Singh v. Gonzales*, 491 F.3d 1019, 1024 (9th Cir. 2007) ("When a party has relevant evidence in his control which he fails to produce, that failure gives rise to an inference that the evidence is unfavorable to him."); *Norfolk & W. Ry. Co. v. Transportation Commc'ns Int'l Union*, 17 F.3d 696, 702 (4th Cir. 1994) (noting in the context of an arbitration appeal that "[t]he drawing of an adverse inference against a party who fails to come forward with relevant evidence within its control is a reasonable and well-recognized evidentiary rule"); *see, e.g.*, *Carolina Power & Light Co. v. Uranex*, 451 F. Supp. 1044, 1056 (N.D. Cal. 1977) (adverse inference warranted when party failed to produce relevant evidence and "[c]ommon sense" suggested that there would be documentation supporting the party's contentions); *Anchor Motor Freight v. Gen. Teamsters Local 326*, 838 F. Supp. 868, 870 (D. Del. 1993) (adverse inference properly drawn where party failed to produce relevant documents and relied on "suspect and self serving" testimony instead). If the Court intends to give any weight to Ms. Yuan's declaration, however, the Court should allow discovery into PFA's latest version of the facts, including production of PFA's electronic records of IP log-ins by the various actors involved and depositions of Ms. Yuan and Ms. Huang. *See Dutta v. State Farm*

*Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018) ("Mitigation of any unfairness, following objection, may take the form of granting the objecting party leave to file a sur-reply opposition to the new matter.") (citations omitted).

### III.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully object to PFA's new evidence.

Dated: August 9, 2019                                    Respectfully submitted,

**GIRARD SHARP LLP**

/s/ *Daniel C. Girard*

Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
Adam E. Polk (SBN 273000)
Angelica M. Ornelas (SBN 285929)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
(415) 981-4800

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2019, I electronically filed the foregoing Supplemental Opposition using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

/s/ *Daniel C. Girard*