UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| YOUXIANG EILEEN WANG and DALTON CHEN, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br>    v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST and PREMIER FINANCIAL ALLIANCE, INC.,<br><br>              Defendants. | Case No. 4:19-cv-01150-YGR<br><br>**ORDER GRANTING PLAINTIFFS YOUXIANG EILEEN WANG AND DALTON CHEN'S MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CLASS COUNSEL**<br>**AS MODIFIED BY THE COURT** |

Upon review of the Motion for Consolidation and Appointment of Interim Class Counsel, filed by Plaintiffs Youxiang Eileen Wang and Dalton Chen (Dkt. No. 108), and for good cause shown, the Court hereby GRANTS the Motion and ORDERS as follows:

1. The following Actions pending in this District, and any other action arising out of the same or similar operative facts now pending or hereafter filed in, removed to, or transferred to this District shall be consolidated for all purposes, including pretrial proceedings, trial, and appeal, pursuant to Federal Rule of Civil Procedure 42(a) (hereafter the "Consolidated Action"):

   a. *Chen et al. v. Premier Financial Alliance, Inc. et al.*, Case No. 4:18-cv-03771-YGR; and

   b. *Wang et al. v. Life Insurance Company of the Southwest et al.*, Case No. 4:19-cv-01150-YGR.

2. All papers filed in the Consolidated Action must be filed under Case No. 4:18-cv-03771-YGR, the number assigned to the first-filed case, and must bear the following caption:

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| *IN RE PFA INSURANCE MARKETING LITIGATION* | Case No. 4:18-CV-03771-YGR |
|---|---|

3. The case file for the Consolidated Action will be maintained under Master File No. 4:18-CV-03771-YGR.

4. The Clerk is directed to administratively close the following related case: *Wang et al. v. Life Insurance Company of the Southwest et al.*, Case No. 4:19-cv-01150-YGR.

5. Any action subsequently filed, transferred or removed to this Court that arises out of the same or similar operative facts as the Consolidated Action will be consolidated with it and will be subject to this Order.

6. The Court appoints Girard Sharp LLP as Interim Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

7. Until such time as the Court appoints lead counsel, Interim Class Counsel shall have sole authority over all matters concerning the prosecution of this action on behalf of Plaintiffs and the proposed class, including:

    a. directing, coordinating, and supervising the prosecution of plaintiffs' claims;

    b. initiating, responding to, scheduling, briefing, and arguing all motions;

    c. appearing at all hearings and conferences regarding the case;

    d. determining the scope, order, and conduct of all discovery proceedings;

    e. assigning work to any additional plaintiffs' counsel, as necessary and appropriate;

    f. retaining experts;

    g. communicating with the Court;

    h. communicating with opposing counsel;

    i. facilitating coordination and communications among counsel for the parties and the Court;

    j. conducting settlement negotiations on behalf of named plaintiffs and the class;

    k. collecting and reviewing time and expense records from all plaintiffs' counsel on a monthly basis, or as provided for under any Court-approved protocol;

    l. coordinating activities to avoid duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and, generally, in the litigation; and

    m. performing such other duties that may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court.

8. The Court approves the Time and Expense Reporting Protocol, **attached hereto as Exhibit A** and entered in the Consolidated Case Number. All Plaintiffs' counsel shall comply with the terms thereof.

9. A consolidated complaint **shall be filed within fourteen days** after the entry of this order.

10. Defendants in the consolidated action must respond to the consolidated complaint within **21 days** of its filing.

**IT IS SO ORDERED.**

Dated: April 16, 2020

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: PFA LIFE INSURANCE MARKETING LITIGATION | Case No. 18-cv-3771-YGR<br><br>(consolidated with 19-cv-1150-YGR)<br><br>**ORDER RE: PROTOCOL FOR INTERIM CLASS COUNSEL'S TIME AND EXPENSE SUBMISSIONS** |

Having reviewed Plaintiffs' submission, the Court hereby enters this Order to establish a protocol for the recording, submission and review of attorneys' fees and expenses incurred by counsel for the Plaintiffs in this action.

## I. INTERIM CLASS COUNSEL'S TIME AND EXPENSE RECORDS

### A. General Standards

1. Time and expense reports generated pursuant to this Order will be considered as submitting counsel's representation to the Court, under oath, that the time and expenses submitted meet the criteria set forth below.

2. Unless otherwise ordered by the Court, the recovery of attorneys' fees and expense reimbursements will be limited to the attorneys and professional staff of Interim Class Counsel.

3. Only time and expenses that advance the litigation will be considered as compensable.

### B. Time Reporting

4. All time shall be maintained in tenth-of-an hour increments. Time entries not maintained in tenth-of-an-hour increments may be disallowed.

5. All attorneys and staff working on this case will keep contemporaneous records of their time spent in connection with work on this litigation, indicating the amount of time spent, the particular activity, and their position in the firm (Partner, Of Counsel, Senior Counsel, Associate, Staff Attorney, Law Clerk, Paralegal, Legal Assistant, or Contract Attorney). "Contemporaneous" means that an individual's time spent on a particular activity should be recorded no later than seven days after that activity occurred. Full descriptions of the work performed are required. Time entries that are not sufficiently detailed will not be considered for payment.

6. Interim Class Counsel will maintain their time records in an electronic database. Failure to maintain detailed time and expense records or to provide a sufficient description of the activities performed will be grounds for denying the recovery of attorneys' fees or expenses in whole or in part.

7. Time records must report the billing rates for each individual listed. Current hourly rates are to be used in calculating time. Billing rates may be adjusted at the conclusion of the matter

dependent on uniform or local rates given relative years of experience to ensure the rate change reflects the value added.

8. Contract attorneys (*e.g.*, temporary attorneys who are paid hourly) may be hired by Interim Class Counsel. It is the responsibility of Interim Class Counsel to ensure that all contract attorney work is performed in an efficient manner. Contract attorneys should be billed at rates reasonable for the type of work performed and the experience of the individual, **taking into account that contract attorneys' rates do not include the same overhead as firm attorneys. The Court will review billings for contract attorneys in light of this difference and with the view that the class is not funding a windfall.**

9. Only time spent on matters that advance the litigation will be considered in determining fees. Interim Class Counsel will be responsible for auditing time and expense records for compliance with the directives set forth in this Order. Girard Sharp LLP will designate one attorney to periodically review and approve timekeeping and bills each month and strike any duplicative or unreasonable fees and costs.

10. Interim Class Counsel's auditing responsibilities notwithstanding, the ultimate determination of what is compensable work, and the extent or rate at which it is compensable, is within the purview of the Court.

11. Compensable work done on behalf of the putative class may include, but is not limited to:

fact investigation and factual and legal research;

preparation of research memoranda, pleadings, and briefs;

conducting document discovery (*e.g.*, reviewing, indexing, and coding documents);

preparation for and attendance at depositions;

preparation of and responding to discovery requests;

preparation for and attendance at hearings;

preparation for and attendance at meetings with defense counsel or with co-counsel;

work with clients;

work with experts;

settlement negotiations and related activities;

prosecution or defense of appeals in the instant matter;

trial preparation and trial; and

performance of administrative matters specifically related to tasks undertaken for the benefit of the class.

12. Compensable work does not include:

- excessive time for a particular task;
- work performed by a person more senior than necessary for the task;
- duplicative time;
- "read and review" time (*e.g.* billing time for reading every document filed on the court's docket regardless of whether it related to the individual's responsibilities) unless specifically related to a billable task;
- time for which descriptions are missing or incomplete; and
- internal firm time for firm management.

### C. **Expense Reporting**

13. Interim Class Counsel is entirely self-funded for this matter. If that changes, Interim Class Counsel will report the change to the Court within 14 days.

14. All costs and expenses in this case will be advanced by Interim Class Counsel. Interim Class Counsel will seek reimbursement of these costs and expenses following a judgment or settlement.

#### 1. *Expenses*

15. To be eligible for reimbursement, expenses must meet the requirements of this section. Expenses must be:

- appropriately authorized by class counsel;
- timely submitted;
- reasonable in amount; and
- supported by adequate documentation.

16. Reimbursable expenses include:
- costs related to obtaining, reviewing, indexing, and paying for hard-copies of computerized images of documents;
- legal research (*e.g.*, Westlaw or PACER charges);
- deposition, court reporter, and transcript costs;
- costs for the storage, retrieval, and searches of electronically stored information;
- court, filing, and service costs;
- group administration matters, such as meetings and conference calls;
- reasonable travel expenses, including lodging and meals;
- expert witness and consultant fees and related expenses;
- investigator fees and related expenses;
- printing, copying, coding, and scanning;
- telephone, postage charges, and courier charges;
- data and materials provided by outside third-party vendors, consultants and attorneys;
- witness expenses, including travel;
- translation costs; and
- bank or financial institution charges.

2. ***Expense Limitations***

17. Only reasonable expenses will be reimbursed. Except in extraordinary circumstances approved by Interim Class Counsel, all travel reimbursements are subject to the following limitations:
- **Airfare**: Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed. If Business Class/First Class Airfare is used, then an estimate of the difference between the Business Class/First Class Airfare and coach fare must be shown on the travel reimbursement form, and only the coach fare will be reimbursed.

- **Hotel**: Hotel room charges for the average available room rate of a business hotel, such as Hyatt, Westin, or Marriott hotels, in the city in which the stay occurred will be reimbursed. Unless a special discounted rate is negotiated, luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.
- **Meals**: Meal expenses must be reasonable. Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal. **Expenses for alcoholic beverages will not be reimbursed**.
- **Cash Expenses**: Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, short taxi rides etc.) will be reimbursed up to $50.00 per day, as long as the expenses are properly itemized.
- **Rental Automobiles**: Luxury automobile rentals will not be reimbursed. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several people.
- **Mileage**: Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently $0.58 per mile).
- **Parking**: Parking will be limited to actual documented costs.

18. Other non-travel expenses will be limited as follows:
    - **Long Distance and Cellular Telephone**: Long distance and cellular telephone charges must be documented.
    - **Shipping, Courier, and Delivery Charges**: All such claimed expenses must be documented.

- **Postage Charges**: A contemporaneous postage log or other supporting documentation must be maintained. Postage charges are to be reported at actual cost.
- **Telefax Charges**: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.
- **In-House Photocopy**: A contemporaneous photocopy log or other supporting documentation must be maintained. The maximum copy charge is $0.30 per page.
- **Computerized Research**: Claims for Westlaw, PACER, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services.

### D.  Verification of Expenses

19. Attorneys and staff must keep receipts for all expenses. Credit card receipts or monthly credit card statements are an appropriate form of verification. Hotel and restaurant costs must be supported by credit card statements, hotel invoice or restaurant bill. The description of unclaimed expenses on the statement or invoice may be redacted. Receipts need not be submitted on a monthly basis, but shall be maintained by the attorneys and may be required later as a condition of payment.

## II.  SUBMITTING TIME AND EXPENSE REPORTS

20. On a quarterly basis, Interim Class Counsel will file *in camera* reports reflecting the hours billed and expenses incurred in this matter pursuant to this Protocol.

21. Interim Class Counsel's first submission, covering calendar year 2019 and the first quarter of 2020, will be due to the court on April 30, 2020. Thereafter, each submission to the Court will be due on the 30th day of the month following the end of the quarter being reported. For example, third quarter reports will be due on October 30.

22. Interim Class Counsel may be required to submit detailed time records in connection with any fee application.

IT IS SO ORDERED.

Dated: __April 16, 2020__

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

ORDER RE: PROTOCOL FOR INTERIM CLASS COUNSEL'S
TIME AND EXPENSE SUBMISSIONS